UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-61827-CIV-ALTONAGA/Turnoff

**CHARLES G. PAPP**, et al.,

    Plaintiffs,
vs.

**ALFA LAVAL, INC.**, et al.,

    Defendants.
_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendant, Ingersoll-Rand Corporation's ("Ingersoll-Rand['s]") Answer and Affirmative Defenses, and Motion to Dismiss and/or to Strike Complaint [D.E. 34], filed on January 9, 2008. Ingersoll-Rand moves to dismiss the complaint or strike a portion of the complaint for failure to properly invoke subject matter jurisdiction. Alternatively, Ingersoll-Rand requests that the Court order Plaintiffs to re-plead their jurisdictional allegations.

This case is before the Court upon Defendant, Viad Corporation's removal. (*See Notice of Removal* [D.E. 1]). Plaintiffs have moved to remand the case to state court. (*See Plaintiff's Motion to Remand to State Court* [D.E. 7]). Ingersoll-Rand argues that Plaintiffs have failed to allege damages sufficient to invoke the Court's subject matter jurisdiction,[1] presumably referring to the amount in controversy requirement of a federal court sitting in diversity. *See* 28 U.S.C. § 1332. The Notice of Removal seeks to establish federal jurisdiction, however, based on the federal officer removal statute, which does not include an amount in controversy requirement.

---

[1] Plaintiffs never sought to invoke the Court's subject matter jurisdiction, as they filed this action and seek to litigate it in state court.

Case No. 07-61827-CIV-ALTONAGA/Turnoff

*See* 28 U.S.C. § 1442. The Court will address the issue of subject matter jurisdiction in its ruling on the pending Motion to Remand.

Accordingly, it is

**ORDERED AND ADJUDGED** that Ingersoll-Rand's Motion **[D.E. 34]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of January, 2008.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:
(1) Magistrate Judge William C. Turnoff
(2) Counsel of record